# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN HENRY CARTER, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 12-1297 |
| ) | |
| v. ) | Judge Cathy Bissoon |
| ) | |
| ALLEGHENY COUNTY COURT ) | |
| OF COMMON PLEAS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

For the reasons that follow, Plaintiff's case will be dismissed as frivolous under 28 U.S.C. § 1915(e)(2).

Having been granted leave to proceed *in forma pauperis* ("IFP"), Plaintiff is subject to the screening provisions in 28 U.S.C. § 1915(e). *See* Atamian v. Burns, 2007 WL 1512020, *1-2 (3d Cir. May 24, 2007) ("the screening procedures set forth in [Section] 1915(e) apply to [IFP] complaints filed by prisoners and non-prisoners alike") (citations omitted). Section 1915(e)(2) provides that "the [C]ourt shall dismiss the case at any time if [it] determines that . . . the action . . . is frivolous." *Id.*, § 1915(e)(2)(B)(1).

In this action, Plaintiff asserts the same grievances he stated in Civil Action No. 12-946. *Compare* Compl. *with* compl. in 12-946. The only difference is, in the prior case he sued Thomas Flaherty, a sitting judge of the Court of Common Pleas of Allegheny County, and in this case he purports to bring claims against the Court of Common Pleas itself.

In the prior action, this Court granted the defendant's motion to dismiss, and entered final judgment in his favor. *See* Docs. 9 & 10 in Civil Action No. 12-946. *Res judicata* precludes

Plaintiff from resuscitating the prior action by merely changing the name of the defendant. See Banks v. County of Allegheny, 568 F. Supp.2d 579, 591-91 (W.D. Pa. Jun. 30, 2008). The three requirements for applying *res judicata* are present, namely, (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action. *Id.* at 591 (citation to quoted source omitted).[1]

If Plaintiff was, or is, dissatisfied with the Court's dismissal of the prior case, his proper recourse would be to appeal the decision to the Court of Appeals for the Third Circuit, not to file a new lawsuit nominally changing the identity of the defendant. See Baker v. City of New York, 2003 WL 22190855, *2 n.4 (S.D.N.Y. Sept. 24, 2003) (recognizing same).

For these reasons, this action is **DISMISSED** as frivolous under 28 U.S.C. § 1915(e)(2).[2]

IT IS SO ORDERED.


September 26, 2012                                  s\Cathy Bissoon
                                                                 Cathy Bissoon
                                                                 United States District Judge


cc (via First-Class U.S. Mail):

John Henry Carter
809 Crucible Street
Pittsburgh, PA 15220

---

[1] As the defendant in Civil Action No. 12-946 observed, Plaintiff's official capacity suit against Judge Flaherty was equivalent, under the law, to a suit against the Court of Common Pleas of Allegheny County, a state entity entitled to Eleventh Amendment immunity. See Doc. 6 in Civil Action No. 12-946 at 3-4. Although the Court did not reach this argument in granting Judge Flaherty's motion to dismiss, Plaintiff's response in opposition to dismissal failed to demonstrate why Eleventh Amendment immunity did not apply. In addition, the Court's ruling that Plaintiff's prior case was barred under the *Rooker-Feldman* doctrine would apply with equal force here. See Doc. 9 in Civil Action No. 12-946 at 1.

[2] Because Plaintiff's claims cannot properly be cured by amendment, the dismissal is made with prejudice.